IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PAUL E. ENGLE, IV; SAMUEL M.                                           PLAINTIFFS
ENGLE

V.                                                    CAUSE NO. 3:13-CV-816-CWR-FKB

REGIONS BANK; CYNTHIA B. ENGLE;                                        DEFENDANTS
UNKNOWN LEGAL ENTITIES A, B, AND
C; UNKNOWN JOHN DOE
DEFENDANTS A, B, AND C

## ORDER

Before the Court is Regions Bank's motion to dismiss. Docket No. 7. Having reviewed

the allegations, arguments, and applicable law, the motion will be converted to one for summary

judgment, and denied.

## I.      Factual and Procedural History

Paul E. Engle, III passed away in 1996. In accordance with his will, one-third of his

estate went to his wife, Cynthia B. Engle, while the remaining two-thirds funded a trust he had

established for the benefit of their two minor children, Paul E. Engle, IV and Samuel M. Engle

(the "Children's Trust"). Life insurance proceeds also went into the Children's Trust. All said,

the Children's Trust was initially funded with about $600,000.

Cynthia Engle was not the trustee, nor was she the executrix or alternate executrix of

Engle's estate.[1] According to the plaintiffs, those facts suggest that Engle did not trust his wife to

manage money meant for their children. The trustee was Deposit Guaranty National Bank, which

later became Regions Bank.

In this suit, plaintiffs Paul E. Engle, IV and Samuel M. Engle allege that Regions

wrongfully allowed their mother to receive and spend funds intended for them. They specifically

---

[1] In his will, Engle named Phil B. Abernathy as executor and Regions as alternate executor.

claim that Regions provided their mother with a monthly income "which bore no relation" to their needs, did not assess their needs, failed to follow the Children's Trust guidelines, failed to contact Paul E. Engle, IV when he turned 21, and blindly accepted their mother's word to their detriment. As a result of these errors, they say, the Children's Trust was spent down to $0 and closed in September 2009.

The plaintiffs filed suit in the Chancery Court of Hinds County, Mississippi on August 12, 2013. Their causes of action included breach of fiduciary duty, gross negligence, and breach of contract, among others. Regions removed the case to this Court on December 31, 2013, alleging diversity jurisdiction due to the improper joinder of Cynthia Engle, who has never been served.

Regions now presents two arguments for dismissal. First, it contends that the plaintiffs filed suit after the three-year statute of limitations expired, even after applying the minor's savings clause. Second, Regions argues that the statute of limitations was not tolled by the doctrine of fraudulent concealment. In this latter theory, Regions claims in part that it cannot be liable to the plaintiffs for breaching its fiduciary duty to them because it was entitled to send "distributions, accountings, and notices" to their mother, whose receipt, knowledge, and decisions were binding on her children. Docket No. 8, at 7.

In response, the plaintiffs say they did not know the Children's Trust existed until their paternal grandmother told them about it in July 2012, and then did not know that it had been improperly administered until September 21, 2012. Alternatively, they contend that Samuel Engle's claim was timely filed. Finally, they argue that fraudulent concealment applies because in mid-2012, the Regions employee responsible for administering the Children's Trust allegedly

2

told them he had never heard of it. They have attached two affidavits and correspondence with Regions to their response.

Perhaps unaware of the plaintiffs' ignorance of the Children's Trust, Regions' reply sidesteps its first argument and presses part of its second: that the plaintiffs are barred from suit because their mother's decision to draw down the Children's Trust is imputed to them.

## II.    Legal Standard

Because the Court will consider material outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 547 (5th Cir. 2010) (unpublished).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1); *see Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1010 (5th Cir. 2010) ("With respect to an issue on which the nonmovant would bear the burden of proof at trial, if the movant for summary judgment correctly points to the absence of evidence supporting the nonmovant with respect to such an issue, the nonmovant, in order to avoid an adverse summary judgment on that issue, must produce sufficient summary judgment evidence to sustain a finding in its favor on the issue.").

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

### III.    Discussion

The plaintiffs were children when the Children's Trust was created and funded. They

were children for the vast majority of years during which funds in the Children's Trust were

drawn down by their mother. The statute of limitations was tolled during these years by

Mississippi's minor's savings clause. Miss. Code Ann. § 15-1-59; *see Shelnut v. Dep't of Human

Servs.*, 9 So. 3d 359, 366 (Miss. 2009).

According to Paul E. Engle, IV's sworn affidavit, he did not know that the Children's

Trust existed until his grandmother told him about it in July 2012. His statute of limitations was

therefore also tolled by the discovery rule, which provides that a plaintiff's time to sue begins

only when he "discovers, or should have discovered by the exercise of reasonable diligence, that

he probably has an actionable injury." *Smith v. Sanders*, 485 So. 2d 1051, 1052 (Miss. 1986).[2]

All said, Paul E. Engle, IV had until July 2015 to file this suit. Since it was filed in

August 2013, it was timely. The application of the fraudulent concealment doctrine need not be

considered.

Regions nevertheless presses the notion that it satisfied its obligations to the plaintiffs by

sending Children's Trust funds, accountings, and notices to their mother, whose decisions were

imputed to her children. This theory relies upon a now-repealed Mississippi statute which read as

follows:

> The guardian or conservator of the estate of a beneficiary under legal disability, or
> the parents or surviving parent or parent having custody of a minor beneficiary for
> whose estate no guardian has been appointed, may be given any notice provided
> for in this article and may act for such beneficiary in making any appointment,
> approving any accounting, and giving any direction under this article. Any such
> notice, appointment, approval, or other direction shall be fully binding on
> the beneficiary.

Miss. Code Ann. § 91-9-209.

---

[2] Regions' opening memorandum acknowledges the discovery rule. Docket No. 8, at 5 n.4.

Even on its own terms, the application of Regions' theory would not fully resolve this case. Although Section 9.2 of the trust agreement requires adult beneficiaries to receive an accounting, Paul E. Engle, IV claims to never have received one despite turning 21 before the Children's Trust was closed. Docket No. 1-1, at 6, 29. At least at that point, sending accountings solely to the plaintiffs' mother was not sufficient.

The more significant question is not about accountings, though, but instead whether Cynthia Engle's (allegedly excessive) requests for funds from Regions constituted "direction[s]" under the former statute, such that Regions could honor those requests even if they harmed the plaintiffs. On this question, and at this early juncture, the Court is not persuaded that the former statute encompasses situations where the interests of a trust's beneficiaries diverge from the interests of the beneficiaries' parent. Here, for instance, by placing third parties (*e.g.*, Phil Abernathy and Regions) as executor, alternate executor, and trustee of his estate and the Children's Trust, it may be that Engle trusted his wife to continue to rear his sons, but did not trust her to manage their financial affairs or to be completely loyal to their interests. In such circumstances – when a parent directs the trustee to turn over funds and the trustee acquiesces despite contrary language in the trust agreement – can it really be said that the minor beneficiary has no cause of action against the trustee when she comes of age and has no assets at her disposal?

Mississippi law suggests that the answer is "no." The Mississippi Supreme Court has found it "well known that a trust must be administered according to the intent of the settlor." *Gulf Nat'l Bank v. Sturtevant*, 511 So. 2d 936, 937 (Miss. 1987) (citations omitted). Determining the settlor's intent can be a fact-specific inquiry. *See Hart v. First Nat'l Bank of Jackson*, 103 So. 2d 406, 410 (Miss. 1958). That intent informs the duties a trustee owes to beneficiaries. "A trust

and its terms must be for the benefit of its beneficiaries as the interests of such beneficiaries are

defined under the terms of the trust." Miss. Code Ann. § 91-8-404. And those duties exist

regardless of what a third party may desire or demand. "Perhaps the most fundamental duty of a

trustee is that he must display throughout the administration of the trust complete loyalty to the

interests of the beneficiary and must exclude all selfish interest and all consideration of the

interests of third persons." Bogert's Trusts and Trustees § 543 (updated Sept. 2014); *see also*

Jackson & Miller, 8 Encyclopedia of Miss. Law § 73:8 (updated Sept. 2014) ("Upon

appointment as trustee, and once administration of the trust has begun, the trustee is under a duty

of loyalty to the beneficiaries.").

The terms of the Children's Trust provided that disbursements could be made "as *the*

*Trustee* may determine" in light of the beneficiaries' educational, medical, and other material

needs. Docket No. 1-1, at 11 (emphasis added). The trust agreement also required the trustee to

semi-annually consult with Paul E. Engle, III's "good friend," Phil Abernathy, regarding the

beneficiaries' needs. *Id.* at 11, 43. Taken together, the terms recognized that a parent like Cynthia

was an appropriate person to receive disbursed funds, accountings, and notices, but nevertheless

did not give her discretion to draw down the funds at will or dictate the trustee's determination of

the plaintiffs' needs. If the terms *had* done so, there would have been little purpose in setting up

a trust in the first place; Cynthia could have simply received 100% of Engle's estate and life

insurance proceeds in 1996.[3]

---

[3] Therein lies the dilemma. One of the reasons banks enter into trust agreements is to earn management fees over the years or decades the trust is funded. The fees are earned in exchange for promising settlors that the bank will honor the trust agreement's terms with respect to the named beneficiaries. In other words, banks will demonstrate complete loyalty to the interests of the beneficiaries. If a bank can disregard the settlor's intent and allow a surviving parent to draw down funds to the detriment of the beneficiaries, however, then it is not clear why the management fees should be paid out over those years or decades. And over time, obviously, banks which accept fees without honoring settlor's intent risk deterring future clients from establishing trusts.

Whether Regions satisfied its duties to the plaintiffs in accordance with the terms of the trust agreement it entered into with Engle requires asking a series of questions to the plaintiffs, Cynthia Engle, Phil Abernathy, and Regions employees. Answers to these questions must be ferreted out in robust discovery.

**IV.     Conclusion**

Summary judgment is not appropriate on Regions' statute of limitations defense because this suit was timely filed at least as to Paul E. Engle, IV. The motion is denied. Within 10 days, the parties shall contact the Magistrate Judge to schedule a Case Management Conference.

**SO ORDERED**, this the 5th day of January, 2015.


                                                       s/ Carlton W. Reeves
                                                       UNITED STATES DISTRICT JUDGE